**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY DEVOUR,

        Plaintiff,                                         Case No. 06-13374
                                                                        Hon. Marianne O. Battani

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Jeffrey DeVour brings this action for judicial review of the final decision of the Commissioner, denying his application for Disability Insurance Benefits (D)B) under the Social Security Act. 42 U.S.C. § 402(g). The case was referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed dispositive motions, and in his Report and Recommendation ("R&R"), Magistrate Judge Whalen recommends that Defendant's Motion for Summary Judgment be denied and Plaintiff's Motion for Summary Judgment be granted only to the extent that this case be remanded for further proceedings.

Defendant objects to the R&R, arguing that a remand is unwarranted. For the reasons stated below, the Court **REJECTS** Defendant's objection, and **ADOPTS** the R&R in its entirety.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits in January 2004, alleging that he has been unable to work since June 8, 2003, due to bipolar disorder, depression, anxiety, and obsessive compulsive disorder. After the Social Security Administration denied

1

benefits, Plaintiff requested a hearing. Administrative Law Judge ("ALJ") Jerome Blum presided at the March 2005 hearing. The ALJ considered the medical evidence; he also heard testimony from Plaintiff and the Vocational Expert ("VE"), Raymond J. Dulecki. In a decision dated July 18, 2005, the ALJ found that Plaintiff was not entitled to disability benefits because although DeVour did not retain the ability to perform his past relevant work, he could perform "light positions as a janitor, material handler, or stock person." Tr. at 21. The Appeals Council declined to review the decision, and Plaintiff sought judicial review.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing Defendant's arguments in its discussion of the objection.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm's of Soc. Sec.,

348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court  may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence.  Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).  Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts."  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (citations and internal quotations omitted).

## III.  ANALYSIS

Defendant objects to the recommendation that this matter be remanded, contending that if an error occurred, it was harmless.  The Court disagrees.

The Commissioner may consult a vocational expert ("VE"), and may pose hypothetical questions to the VE to discern whether someone with the claimant's limitations can meet job

3

demands. 20 C.F.R. § 416.960(b)(2). At the hearing, the ALJ posed the following hypothetical to the VE:

> Assume for the moment that [Plaintiff] has some psychiatric, psychological problems which basically would be, make it uncomfortable for him to deal with the public. Do we have any jobs, say unskilled jobs, that wouldn't utilize his sales skills, that would pretty much allow him to work in isolation almost?

Tr. at 140-41. The VE testified that light janitorial work required only minimal contact with people. The VE, after being questioned more specifically, testified that the position required limited contact with coworkers and supervisors, and not with the public. Tr. at 141.

As noted by the Magistrate Judge, a conflict exists in that janitor jobs are classified as medium or heavy in the DOT, yet Plaintiff was limited to light work. Id. at 15-16. The record shows that, despite the discrepancy, the ALJ did not ask the Vocational Expert about any possible conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT). The Magistrate Judge concluded in his Report and Recommendation that "obvious and material inconsistencies" existed. R&R at 16. If the testimony of the vocational expert relied upon by the ALJ in making the finding conflicts with the job descriptions contained in the DOT, and the ALJ does not elicit a reasonable explanation for the conflict, remand may be appropriate. See Ruling 00-4p, SSR 00-4p; 65 Fed.Reg. 75, 759, 75, 761 (Dec. 4, 2000).

In his dispositive motion, Defendant identified a janitor job listing in the DOT, designated as light in exertion, as one that matches Plaintiff's limitations. Defendant asserts that the "Cleaner, Housekeeping" position is suitable. The Commissioner maintains that the ALJ found that Plaintiff retained the residual functional capacity for unskilled, light work with limited contact with the public, coworkers, or supervisors. According to Defendant, in reviewing the duties listed for "Cleaner, Housekeeping" only one requires interaction with the public. See U.S. Department of Labor, Dictionary of Occupational Titles, 323.687-014,

"Cleaner, Housekeeping: (4th ed. 1991) (Westlaw, DICOT 323.687014). The position involves taking instructions and helping. Id., Appendix B. "Explanation of Data, People, and Things." Defendant concludes therefore that the failure was harmless error.

The Magistrate Judge rejected that position. He noted that the "Cleaner, Housekeeping" position includes as a job duty, "render[ing] personal assistance to patrons." R&R at 16. Further, the "Cleaner, Housekeeping" position may require that wraps be checked and personal assistance be rendered to patrons.

The Court agrees with the Magistrate Judge that these tasks "stand at odds with the hypothetical question's limitations." R&R at 16. SSR 00-4p requires consistency between the occupational evidence provided by the VE and the information supplied by the DOT. Here, the existence of an apparent unresolved conflict between the VE's evidence and the DOT, and the ALJ's failure to elicit a reasonable explanation for the conflict before relying on the VE's evidence to support his conclusion that Plaintiff was not disabled is contrary to SSR 00-4p. See, Young v. Commissioner, 351 F.Supp.2d 644, 652 (E.D. Mich. 2004). Defendant bears the burden at this stage of the analysis, and this Court finds the conflict raised may alter the outcome. Therefore, the Court cannot say the error was harmless.

**IV. CONCLUSION**

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **REMANDS** this matter to the Commissioner for further proceedings.

**IT IS SO ORDERED**.

                                            s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

DATE: June 20, 2007

## CERTIFICATE OF SERVICE

     A copy of this Order was mailed and/or electronically filed to counsel of record on this date.

                                            s/Bernadette M. Thebolt
                                            Deputy Clerk